United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEANDRE BURNS, et al.,

Plaintiffs,

v.

AMAZON.COM SERVICES LLC, et al.,

Defendants.

Case No. 26-cv-03060-EKL

**ORDER GRANTING MOTION TO STAY**

Re: Dkt. No. 12

In this putative class action, Plaintiffs allege that Defendants Amazon.com Services LLC, Amazon Logistics, Inc., Amazon Retail LLC, and Amazon Logistics LLC (together, "Amazon") engaged in a variety of California wage-and-hour violations. Before the Court is Amazon's motion to dismiss or stay the case pending resolution of an earlier-filed putative class action, *Trevino v. Golden State FC, LLC*, Lead Case No. 1:18-cv-00120-KES-FJS (E.D. Cal. Sep. 13, 2017). Mot. to Dismiss or Stay at 12, ECF No. 12 ("Motion"). Having carefully reviewed the briefs and relevant authority, the Court finds this matter suitable for disposition without oral argument. *See* Civil L.R. 7-1(b). For the following reasons, the motion to stay is GRANTED.

## I. BACKGROUND

Plaintiffs Deandre Burns, Shavaka Smithwalls, Tina Ferguson, and Maryann Dizon filed a putative class action complaint against Amazon in Santa Clara County Superior Court on March 3, 2026. Notice of Removal ¶ 1, ECF No. 1. Plaintiffs purport to represent a class of "all current and former non-exempt employees" of Amazon within the State of California at any time "beginning four years prior to the filing of this action until judgment is entered." Compl. ¶ 12, ECF No. 1-2. Plaintiffs seek damages and penalties on behalf of themselves and the putative class. Compl. at 1, Prayer. Plaintiffs assert seven causes of action against Amazon: (1) failure to

provide meal periods (Cal. Lab. Code §§ 204, 223, 226.7, 512, 1198); (2) failure to provide rest periods (Cal. Lab. Code §§ 204, 223, 226.7, 1198); (3) failure to pay hourly wages (Cal. Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1197.1, 1198); (4) failure to indemnify (Cal. Lab. Code § 2802); (5) failure to provide accurate written wage statements (Cal. Lab. Code § 226(a)); (6) failure to timely pay all final wages (Cal. Lab. Code §§ 201, 202, 203); and (7) unfair competition (Cal. Bus. & Prof. Code § 17200 *et seq*.). *See* Compl. ¶¶ 50, 51-53, 63-64, 81-82, 91, 98-100, 109-110, 120, 124.

After removing the case to federal court, Amazon filed a motion to dismiss or stay, arguing that this action overlaps with twelve earlier-filed wage-and-hour actions currently pending against Amazon. Mot. at 2. The earliest-filed case, *Trevino*, has been pending since 2017. *Id*. Amazon argues that dismissal or a stay pending final resolution of the earlier-filed cases should be granted pursuant to the first to file rule or the Court's inherent authority to manage its docket. *Id*. at 3. Alternatively, Amazon moves to dismiss for failure to state a claim. *Id*. Because the first to file rule is dispositive, the Court does not reach the merits of the claims.

## II. LEGAL STANDARD

The first to file rule permits a federal district court "to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *Alltrade Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). In determining whether the rule applies, a court considers "three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Z-Line Designs, Inc., v. Bell'O Int'l, LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003). First, determining the chronology of the actions is a simple matter of identifying which case was filed first. *Kohn Law Grp. Inc. v. Auto Parts Mfg. Miss. Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). Second, similarity of the parties may be satisfied even if the parties are not identical. *Id*. at 1240. "In a class action, the classes, and not the class representatives, are compared." *Weinstein v. Metlife, Inc.,* No. C 06-04444 SI, 2006 WL 3201045, *4 (N.D. Cal. Nov. 6, 2006). Third, "[t]he issues in both cases also need not be identical, only substantially similar." *Kohn Law Grp.*, 787 F.3d at 1240-41 (considering "substantial overlap" between the cases).

If these three factors are met, the court has discretion to apply the rule based on "the dictates of sound judicial administration." *Pacesetter Sys. Inc., v. Medtronic Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982); *see also Alltrade,* 946 F.2d at 628 ("The most basic aspect of the first to file rule is that it is discretionary[.]" (citation modified)). A court may "dispense with the first-filed principle for reasons of equity," for example, where circumstances suggest bad faith, anticipatory suit, or forum shopping. *Alltrade*, 946 F.2d at 628.

## III. DISCUSSION

Amazon argues that this case should be dismissed or stayed pursuant to the first to file rule because it is duplicative of twelve earlier-filed cases that involve overlapping parties and issues.[1] Mot. at 2. Having considered the threshold factors, the Court agrees that the rule applies here.

First, Amazon identifies a dozen cases filed before this case was filed on March 6, 2026 – including *Trevino*, which was filed in 2017. Second, this case and the earlier-filed cases have overlapping parties because they involve the same defendants – Amazon or its predecessors – and substantially similar putative classes. Plaintiffs in this case seek to represent all hourly or non-exempt employees employed by Amazon in California during the period "beginning four years prior to the filing of this action until judgment is entered." Compl. ¶ 12. Similarly, in *Trevino*, the class is defined as all individuals employed "as non-exempt employees in California" at any time beginning four years before July 12, 2017, until "the date of certification." First Am. Compl. ¶ 21, *Trevino v. Golden State FC, LLC*, No. 1:18-cv-00120 (E.D. Cal. Mar. 28, 2019) ("*Trevino* FAC"). The relevant time period for the *Trevino* class is still running because no class has been certified yet. Hence, the putative class in this action overlaps with the *Trevino* class. Finally, the cases raise substantially similar issues because they involve nearly identical claims based on similar factual predicates. For example, six of the seven causes of action asserted here are also asserted in *Trevino*, and all seven claims asserted in this case are being asserted in another earlier-filed case, *Scott v. Golden State FC, LLC*, No. 4:21-cv-02147-HSG (N.D. Cal. Feb. 8, 2021).

---

[1] The unopposed requests for judicial notice are granted. *See* ECF Nos. 13, 14-2; *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (A court "may take judicial notice of court filings" in other cases "[t]o determine what issues were actually litigated.").

Because the first to file rule applies, the Court finds that a stay is appropriate. In reaching this conclusion, the Court has also balanced competing interests, including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Here, considering the substantial number of overlapping claims, and the fact that the resolution of *Trevino* may impact claims in this case, a stay would promote judicial economy and efficiency. Absent a stay, Amazon would face unnecessary hardship in having to defend multiple similar cases in different forums. Simultaneous litigation of these cases would also waste judicial resources and needlessly duplicate efforts. Finally, a stay is not likely to prejudice Plaintiffs. *See id.* at 268-69 (explaining that delayed recovery of money damages, standing alone, generally does not counsel against a stay). Plaintiffs are concerned that the stay will be lengthy or indefinite. However, this seems unlikely given that the parties in *Trevino* recently "reached an agreement in principle" to settle the case and are finalizing the terms of their settlement now. Joint Status Report at 2, *Trevino*, ECF No. 238. On balance, these considerations favor a stay.

## IV. CONCLUSION

For the foregoing reasons, this action is STAYED pending further order of the Court. The parties shall file a joint statement every 120 days updating the Court on the progress of the proceedings in *Trevino.* The Court will periodically evaluate the need for and reasonableness of continuing the stay.

**IT IS SO ORDERED.**

Dated: July 28, 2026

Eumi K. Lee
United States District Judge